■ PEARL FISHMAN, as Sequestratrix of CHARLES FISHMAN, Respondent, v JOHN LORETTO et al., Defendants, and JOHN A. K. BRADLEY, Appellant.

Plaintiff-respondent Pearl Fishman and her former husband Charles Fishman were the joint owners of a building located at 1022 Lexington Avenue in New York County. Following the couple's divorce in 1976, a sale of the property became necessary to avoid a partition action. Consequently, defendants John Loretto and Leonard Volodarsky were retained in 1978 as real estate brokers for the purpose of procuring a suitable

purchaser. Loretto and Volodarsky thereafter advised plaintiff that a buyer had been found who was willing to pay $300,000 for the building and also characterized the offer as being fair and reasonable. The prospective buyer was later identified as 1022 Lexington Avenue Corporation. However, unknown to plaintiff, Loretto and Volodarsky were, in fact, the principal shareholders of the subject corporation, and defendant John A. K. Bradley was its attorney. It is alleged in the complaint that Bradley "abetted, assisted and cooperated in misrepresenting to the sellers * * * the identity of the true purchaser and failed to inform the sellers of their true interest as the contract-vendee". Plaintiff also asserts that Bradley named one Jacqueline Pleet as the principal of 1022 Lexington Avenue Corporation, that she was described as being a very wealthy woman when she was actually a medical student who happened to be Loretto's daughter, and she never had any interest in the corporation, financial or otherwise.

Although a contract of sale was executed in December of 1978, by the time of the scheduled closing date relations between the parties had grown hostile. The sellers refused to consummate the transaction, and the buyer commenced an action for specific performance. Among the defenses advanced by plaintiff therein was a claim that the purchaser lacked clean hands based upon the failure to disclose the connection of Loretto and Volodarsky to the contract vendee. At the examination before trial, Jacqueline Pleet revealed that she was Loretto's daughter, and Loretto, admitted to being one of the principals of the buyer. Loretto, Volodarsky and Bradley all testified at the ensuing trial. Bradley conceded that he had been aware of the fact that Loretto and Volodarsky were principals in the corporation. Yet, the trial court (Amos Bowman, J.), in rendering its decision, concluded that since Loretto and Volodarsky had by now assigned their shares in the corporation to unrelated purchasers, notwithstanding any grievance which the sellers might have with the original principals, there "is no evidence of knowledge or conspiracy on the part of the plaintiff corporation that would avail the defendants in this litigation." According to the court, "[f]rom the credible testimony adduced at the trial * * * this was a routine, simple real estate transaction which the sellers were trying to avoid simply because they had struck a bad bargain." Thus, the court found that while the lack of clean hands defense might have been meritorious had Loretto and Volodarsky retained their interest in the purchaser corporation, it was "not an issue in this case." The court thereupon

directed specific performance against Pearl and Charles Fishman.

Despite a clearly erroneous decision on the part of the Trial Judge, and the fact that a notice of appeal was filed, no appeal was ever perfected. Instead, plaintiff herein commenced the instant action against Loretto, Volodarsky and Bradley seeking compensatory and punitive damages for fraud. In that regard, it is noted that at the time that Loretto and Volodarsky represented that $300,000 was a fair price, they knew that the building in question was worth much more and was later resold for an amount in excess of $1 million. Defendant-appellant Bradley thereafter moved, in part, to dismiss the complaint on grounds of collateral estoppel. As the Court of Appeals has declared, the "doctrine of collateral estoppel is based on the notion that it is not fair to permit a party to relitigate an issue which has previously been decided against him in a proceeding in which he had a fair opportunity to fully litigate the point [citations omitted]." *(Gilberg v Barbieri,* 53 NY2d 285, 291.) It is plaintiff's contention that she and her former husband did not become aware of the full impact of the fraud perpetrated by defendants until they were examined on the stand in the prior matter. However, the record indicates that the Fishmans had knowledge of the facts at least as early as the examination before trial. It was revealed during oral argument of this appeal that plaintiff had moved at trial to amend her answer to assert a defense of fraud in order to conform it to the proof. She neither took exception nor endeavored to appeal after the court failed to rule on the motion, effectively denying it. The Fishmans, nevertheless, did accuse defendants therein of having unclean hands, and the circumstances surrounding the real estate transaction were thoroughly explored at trial. Despite the trial court's incorrect determination to the contrary, the Fishmans' claim of lack of clean hands certainly was at issue in the case. By ordering specific performance, the court rendered a decision adverse to the Fishmans on the question of whether a fraud was committed by Loretto, Volodarsky and Bradley. No appeal was ever taken from that decision, and plaintiff is now collaterally estopped from relitigating the issue of fraud. Concur—Fein, J. P., Milonas, Rosenberger, Ellerin and Wallach, JJ.