■ BRITT PETERSEN-SOMLO, Respondent, v STEVEN G. SOMLO,

Appellant, et al., Defendant. [595 NYS2d 569] —Yesawich Jr., J. Appeal from that part of an order of the Supreme Court (White, J.), entered October 21, 1991 in Schenectady County, which denied defendant Steven G. Somlo's cross motion for summary judgment dismissing the first three causes of action and awarding sanctions.

Married on December 20, 1975, plaintiff and defendant Steven G. Somlo (hereinafter defendant) produced two sons, born in 1976 and 1980. The marriage curdled and in 1982 was dissolved pursuant to a judgment of divorce. A stipulation, providing for joint custody of the boys, with plaintiff having primary physical custody, and further providing that defendant was to pay plaintiff $800 per month for child support and maintenance, was entered into by the parties and was incorporated, but not merged, into the divorce decree. The payment was to be reduced to $400 per month upon plaintiff's "future remarriage or cohabitation".

In 1987, defendant, believing that plaintiff was cohabiting with a male friend, reduced his payments to $400 per month. Both parties thereafter filed petitions in Family Court; plaintiff, who denied the cohabitation charge, sought arrears in support payments and defendant sought a downward modification of support payments and primary physical custody of the children. While these matters were pending, the parties entered into a stipulation dated October 21, 1988 (hereinafter the 1988 agreement) which amended the prior stipulation. This agreement, which gave physical custody of the children to defendant, awarded plaintiff $3,000 for support arrears and provided that she would receive no further maintenance, was subsequently incorporated, but not merged, into a Family Court order of support and custody, entered November 28, 1988.

Thereafter, by order to show cause, plaintiff moved to vacate the Family Court order, pursuant to CPLR 5015, on the grounds that she had entered into the agreement under duress and that Family Court lacked subject matter jurisdiction to modify the 1982 stipulation. Concluding that it had such jurisdiction, and further that plaintiff had presented no proof to warrant a finding of "fraud, misrepresentation, or misconduct" on the part of defendant, Family Court denied the vacatur motion. An order effecting that decision was entered February 9, 1990. Although plaintiff filed a notice of appeal therefrom, the appeal was never perfected.

In January 1991, plaintiff commenced this action in Su-

preme Court requesting, *inter alia,* that the 1988 agreement be rescinded because allegedly it had been procured by duress and coercion. Issue was joined and the parties moved for summary judgment. For purposes of this appeal, it suffices to note that Supreme Court granted defendant's cross motion for summary judgment to the extent of dismissing plaintiff's fourth and fifth causes of action. The first three causes of action (the first seeks to have the agreement voided on the ground that it was achieved by coercion; the second and third causes are for breach of contract and reformation) were allowed to stand, prompting defendant to appeal from this portion of the order.

Defendant is correct in his assertion that, because the issue at the core of this case was determined by Family Court in its decision not to vacate the order of November 28, 1988, collateral estoppel requires dismissal of the complaint.

This case essentially turns on whether plaintiff entered into the 1988 agreement freely or was coerced to do so, and that issue was decided by Family Court in the prior proceeding. Although plaintiff maintains that the issue before Family Court was fraud, whereas the issue in the instant Supreme Court action is duress or coercion, this is belied by the record which discloses that the motion to vacate Family Court's order has as its basis a claim of coercion. The proof offered in support of the motion was virtually identical to that which plaintiff relies upon to sustain her coercion and duress claims in the instant complaint. In both instances, plaintiff attempted to establish these claims by proving that defendant's withholding of support payments had placed her in a financially and emotionally debilitated state, and that this "misconduct" by defendant forced her to enter into the agreement which was the basis for Family Court's order. Inasmuch as the coercion and duress issue plaintiff seeks to have determined in this action was actually litigated and passed upon in the prior Family Court proceeding, where plaintiff had a full and fair opportunity to contest the matter, and given that resolution of that issue was essential to the outcome in Family Court, the forum she selected to contest the validity of the agreement *(see, Clemens v Apple,* 65 NY2d 746, 748-749), the criteria needed to be met for invoking collateral estoppel are satisfied *(see, Schultz v Boy Scouts of Am.,* 65 NY2d 189, 204; *Keeler v West Mtn. Corp.,* 105 AD2d 953, 954).

The dominant purpose of plaintiff's legal proceedings, whether instituted in Family Court where she attacked the court's order or in Supreme Court where she assails the 1988

agreement itself, is the securing of a judicial finding that the agreement was entered into by plaintiff as a result of defendant's duress. As that very issue has already been resolved in defendant's favor, the complaint must be dismissed in its entirety.

Mikoll, J. P., Mercure and Crew III, JJ., concur.

Casey, J. (dissenting). Collateral estoppel is applicable only when the issue has actually been litigated and determined in the prior action or proceeding (see, Koch v Consolidated Edison Co., 62 NY2d 548, 554, cert denied 469 US 1210). The prior proceeding in Family Court concerned only the question of whether an earlier order of Family Court should be vacated pursuant to CPLR 5015 (a) (3). The instant action concerns the validity of a stipulation which was incorporated but not merged in the earlier Family Court order that was the subject of the CPLR 5015 motion. Because the stipulation, which modified a prior stipulation executed by the parties during their divorce action, was not merged in the earlier Family Court order, it remained an independent contract (see, Nopper v Nopper, 50 NY2d 1009), and the scope of review upon a motion to vacate an order is substantially different from that applied by the courts in deciding whether to set aside an agreement made in the context of a matrimonial matter (compare, CPLR 5015 [a] [3], with Christian v Christian, 42 NY2d 63, 71; Grunfeld v Grunfeld, 123 AD2d 64, 68). It is also significant, as noted by Supreme Court, that Family Court lacks the equity jurisdiction necessary to set aside the parties' agreement (see, Matter of Brescia v Fitts, 56 NY2d 132, 139).

Plaintiff seeks rescission in this case based, inter alia, upon the emotional stress created by the financial hardship which resulted when defendant Steven G. Somlo (hereinafter defendant) unilaterally reduced his child support/maintenance payment from $800 to $400 per month, leaving plaintiff with insufficient funds to provide for herself and her children. According to plaintiff, she believed that her only recourse was to give in to all of defendant's demands and, therefore, she gave up physical custody of her two children and waived her right to any maintenance in return for defendant's payment of $3,000 in arrearages. The issue raised by these allegations concerning the validity of the stipulation clearly was not litigated in the prior Family Court proceeding. Instead, Family Court simply noted that such allegations were insufficient to constitute fraud, misrepresentation or other misconduct within the meaning of CPLR 5015 (a) (3). Accordingly, it is my

view that Supreme Court correctly rejected defendant's collateral estoppel defense.

Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied the cross motion regarding the first three causes of action; cross motion granted to that extent, summary judgment awarded to defendant Steven G. Somlo and said causes of action are dismissed; and, as so modified, affirmed.