■ In the Matter of WILLIE DUKES, Appellant, v RITA WHITE, Respondent. [743 NYS2d 780] —Appeal from an order of Family Court, Monroe County (Rivoli, J.), entered February 7, 2001, which denied petitioner's objection to the order of the Hearing Examiner dismissing the petition seeking a modification of child support.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Family Court properly denied the objection of petitioner to the Hearing Examiner's order dismissing a petition seeking a downward modification of child support. In denying petitioner's objection, the court determined that the Hearing Examiner properly found that petitioner failed to establish the requisite change in circumstances for a downward modification of the child support ordered in the parties' 1997 divorce decree. "[I]n determining whether there is a change in circumstances warranting a downward modification, the court must measure the change by a comparison between the payor's financial circumstances at the time of the motion for downward modification and at the time * * * that the order of which modification is sought was made" (*Matter of Duerr v Cuenin*, 280 AD2d 903, 904 [internal quotation marks omitted]). Here, the only child support previously ordered was in the 1997 divorce decree, which established petitioner's income and basic child support obligation. The Hearing Examiner properly used petitioner's income at the time of the divorce decree as the basis for determining whether there had been a change in circumstances. Further, petitioner is collaterally estopped from disputing the findings of the Hearing Examiner with respect to the issue of changes in his income between 1997 and 1999 (*see Matter of Vasquez-Merced v Piovanetti-Lopez*, 243 AD2d 331; *see generally Petersen-Somlo v Somlo*, 191 AD2d 949, 951). In previously denying petitioner's application for a downward modification of child support in 1999, the Hearing Examiner found that petitioner had voluntarily decreased his income by eliminating a private cleaning business, and that his annual rental income had increased by approximately $24,000 to approximately $27,000. In addition, based upon evidence presented at the 2000 hearing, the Hearing Examiner properly

imputed to petitioner the annual rental income that she previously found existed in 1999, despite the testimony of petitioner that he had since transferred the rental properties to his estranged second wife in payment of an antecedent debt. "In determining a party's maintenance or child support obligation, a court need not rely upon the party's own account of his or her finances, but may impute income based upon the party's past income or demonstrated earning potential" (*Brown v Brown*, 239 AD2d 535, 535; *see Kay v Kay*, 37 NY2d 632, 637). Even assuming that petitioner's annual wages for the year 2000 were only approximately $18,000 based upon a pay stub issued shortly before the hearing, rather than the approximately $29,000 listed on petitioner's 1999 tax return (*cf.* Family Ct Act § 413 [1] [b] [5] [i]), we conclude that the petition for a downward modification was properly denied. The current income of petitioner from all sources, including the approximately $27,000 in imputed rental income, was greater than his income at the time of the 1997 divorce decree in which child support was ordered. Present—Pigott, Jr., P.J., Green, Hurlbutt, Burns and Lawton, JJ.