■ BRIAN MARREN, Appellant, v BETSEY NATHAN et al., Respondents. [770 NYS2d 293]—

Order, Supreme Court, New York County (Judith Gische, J.), entered on or about June 4, 2002, which, in an action for reformation of a stipulation of settlement incorporated but not merged in a judgment of divorce, against plaintiff's ex-wife and the attorney who represented the latter in the divorce action, inter alia, granted the attorney's motion for summary judgment dismissing the complaint as against her and for sanctions pursuant to 22 NYCRR 130-1.1, and, upon a search of the record, dismissed the complaint as against the ex-wife as well, unanimously affirmed, with costs.

Plaintiff's claim for reformation of the stipulation was properly dismissed as based on allegations of fraud that are utterly devoid of evidentiary content (CPLR 3016 [b]; *see Chimart Assoc. v Paul*, 66 NY2d 570, 574 [1986]). At most, plaintiff shows only that he misunderstood the terms of the stipulation, i.e., a unilateral mistake insufficient to support a claim for reformation (*see id.* at 573). Since the complaint fails to show fraud, the cause of action for conspiracy, alleging in similarly conclusory language that defendants conspired to defraud plaintiff, and the claim for punitive damages based on such conduct were also properly dismissed. To the extent that the complaint claims that the stipulation is ambiguous, that claim was previously rejected in postjudgment proceedings brought by plaintiff in the divorce action, and is therefore barred by collateral estoppel (*see Youkelsone v Federal Natl. Mtge. Assn.*, 309 AD2d 655 [2003]). It does not avail plaintiff that he did not seek reformation in the prior proceedings (*see O'Brien v City of Syracuse*, 54 NY2d 353, 357-358 [1981]). The record supports the imposition of sanctions. The action is based on the frivolous premise that plaintiff relied on his ex-wife's attorney's representation as to the meaning of the stipulation, even though plaintiff was represented by counsel in the negotiation of the stipulation and acknowledged on the record that he was satisfied with such representation. The record also shows that the instant action is a continuation of a pattern by plaintiff of instituting numerous proceedings seeking relief on previously decided issues. Concur—Andrias, J.P., Rosenberger, Williams and Lerner, JJ.