■ DAVID GOLDSTEIN, Appellant, v MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY, Respondent. [820 NYS2d 852]—

In an action, inter alia, for a judgment declaring the rights of the parties pursuant to a policy of disability insurance, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Dollard, J.), dated August 22, 2005, as granted that branch of the defendant's motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (5) as barred by the doctrine of res judicata and the statute of limitations.

Ordered that the order is affirmed insofar as appealed from, with costs.

Under the doctrine of res judicata, a disposition on the merits bars litigation between the same parties or those in privity with them of a cause of action arising out of the same transaction or series of transactions as a cause of action that either was raised or could have been raised in the prior proceeding (*see Matter of Hunter,* 4 NY3d 260, 269 [2005]; *Barbieri v Bridge Funding,* 5 AD3d 414, 415 [2004]). Here, the Supreme Court correctly dismissed the cause of action for a declaratory judgment on res judicata grounds as the plaintiff's claims were raised or could have been raised in the prior action which was disposed of on the merits (*see Hubbell v Trans World Life Ins. Co. of N.Y.,* 50 NY2d 899 [1980]; *CRK Contr. of Suffolk v Brown & Assoc.,* 260 AD2d 530 [1999]).

The Supreme Court properly dismissed the remaining causes of action as time-barred. The cause of action to recover damages for fraud is barred by the six-year statute of limitations (*see* CPLR 213 [8]). Further, the causes of action alleging intentional and negligent infliction of emotional distress, breach of duty, and bad faith are barred by the one-year statute of limitations for intentional torts to the extent that they allege intentional conduct (*see* CPLR 215), or the three-year statute of limitations governing personal injury claims insofar as they allege negligent conduct (*see* CPLR 214). Schmidt, J.P., Santucci, Luciano and Rivera, JJ., concur.