■ Mary R. Davey, Respondent, v Peter F. Davey, Appellant. [843 NYS2d 430]—

In a matrimonial action in which the parties were divorced by judgment dated July 6, 2004, the defendant appeals, as limited by his brief, from so much of an order and judgment (one paper) of the Supreme Court, Westchester County (Donovan, J.), dated May 4, 2006, as, upon a decision of the same court entered April 11, 2006, denied those branches of his motion which were to vacate the judgment of divorce pursuant to CPLR 5015 (a) (3), to adjust the award of equitable distribution, and for an award of maintenance and other monetary relief, granted those branches of the plaintiff's cross motion which were for monetary sanctions and an attorney's fee, and directed the appellant, an attorney, to pay a sanction in the sum of $10,000 to the Lawyers Fund for Client Protection pursuant to 22 NYCRR 130-1.3.

Ordered that on the court's own motion, the notice of appeal from the decision is deemed a notice of appeal from the order and judgment (see CPLR 5512 [a]); and it is further,

Ordered that the order and judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondent.

During the course of the divorce proceedings and several collateral actions, the defendant repeatedly raised the issues of fraud and misrepresentations on the part of the plaintiff, her family, and her attorneys, and these issues have consistently been determined against him with the further finding that his claims were frivolous and sanctionable (see Davey v Dolan, 453 F Supp 2d 749, 752-753 [2006] [summarizing the extensive litigation]). Consequently, the identical claims of fraud raised by the defendant in support of his motion pursuant to CPLR 5015 (a) (3) to vacate the judgment of divorce were barred on collateral estoppel grounds (see Kaufman v Eli Lilly & Co., 65 NY2d 449, 455 [1985]; Gilberg v Barbieri, 53 NY2d 285, 291 [1981]; Marren v Nathan, 2 AD3d 230, 231 [2003]; Petersen-Somlo v Somlo, 191 AD2d 949 [1993]; Fishman v Loretto, 124 AD2d 493, 495 [1986]).

The Supreme Court providently exercised its discretion in imposing sanctions against the defendant pursuant to 22 NYCRR 130-1.1 and awarding the plaintiff an attorney's fee (see Kornblum v Kornblum, 34 AD3d 749, 751 [2006]; Kucker v Kaminsky & Rich, 7 AD3d 491, 492 [2004]; Schaeffer v Schaeffer, 294 AD2d 420, 420-421 [2002]).

The defendant's remaining contentions are without merit or

are not properly before this Court. Crane, J.P., Lifson, Carni and Balkin, JJ., concur.