*613 Order, Supreme Court, New York County (Emily Jane Goodman, J), entered on or about June 7, 2011, which, after a hearing, imposed sanctions upon defendant Anthony A. Capetola and nonparty Eliot E Bloom, Esq., in the amount of $10,000 each to be paid to the Lawyers’ Fund for Client Protection, unanimously affirmed, with costs.
Defendant, a lawyer involved in his divorce proceedings, submitted an affidavit to the court that was intentionally misleading in that he stated that he opposed renting out an apartment that was a disputed marital asset because he needed to use it at times for work purposes. He failed to disclose that, at that time, he was renting the apartment to the daughter of his lawyer (Bloom) for an amount that was substantially below market rate. This deliberately misleading representation concerning marital assets was properly found to be sanction-able, as it related to material facts on a pending motion (see Weisburst v Dreifus, 89 AD3d 536 [2011]; 22 NYCRR 130-1.1 [c] [3]).
The court also properly found that Bloom had engaged in sanctionable conduct since he submitted the misleading affidavit, signing the certification on its back. The evidence also showed that Bloom proceeded to engage in frivolous conduct, including calling the police when plaintiff wife entered the apartment unaware that anyone might be there, and found Bloom’s daughter there, and accusing plaintiff of trespass and violation of criminal laws. When plaintiffs counsel reminded Bloom that the apartment was held in plaintiffs name and that she was unaware of the secret rental arrangement, Bloom wrote letters to plaintiffs counsel that were insulting, legally incorrect, and characterized by the court as “shockingly unprofessional” and “unethical.” Under the circumstances, the court properly found Bloom’s conduct to be frivolous within the meaning of 22 NYCRR 130-1.1 (see Weisburst, 89 AD3d at 536; Nachbaur v American Tr. Ins. Co., 300 AD2d 74, 75 [2002], lv dismissed 99 NY2d 576 [2003], cert denied 538 US 987 [2003]). Moreover, Bloom, who testified on his own behalf at the sanctions hearing, was afforded a reasonable opportunity to be heard (see 22 NYCRR 130-1.1 [d]; compare Cangro v Cangro, 272 AD2d 286, 287 [2000]).
The amount of the sanctions imposed was not an abuse of discretion (see 22 NYCRR 130-1.2).
*614 We have considered appellants’ remaining contentions and find them unavailing. Concur — Tom, J.P., Andrias, Friedman, Moskowitz and Renwick, JJ.