■ In the Matter of S&R DEVELOPMENT ESTATES, LLC, Respondent, v PAULINE J. FEINER et al., Appellants. [18 NYS3d 390]—

In a proceeding pursuant to CPLR article 78, inter alia, to review so much of a determination of the Town of Greenburgh dated September 12, 2012, as amended the Town's Official Zoning Map to rezone the petitioner's property, the appeal is from a judgment of the Supreme Court, Westchester County (Cacace, J.), entered August 13, 2013, which granted the petition.

Ordered that the judgment is affirmed, with costs.

In 2006, the petitioner purchased property located in Scarsdale (hereinafter the property), in the Town of Greenburgh, which was then zoned in a multifamily district. In 2007, the petitioner submitted a site plan application to build a multifamily development on the property. Thereafter, the Commissioner of Planning for the Town's Department of Community Development and Conservation issued a memorandum directing the Town Engineer to alter the Official Zoning Map to reflect that the property was in a single-family district. The Commissioner advised the Town's Zoning Board of Appeals (hereinafter ZBA) that the property had been placed in a multifamily district in error. The ZBA denied the petitioner's appeal from the Commissioner's determination, after which the petitioner commenced a proceeding pursuant to CPLR article 78 to review the ZBA's determination (hereinafter proceeding I). In a judgment entered January 11, 2012, the Supreme Court granted the petition, determining that the official zoning map had been amended without notice and a hearing as required under Town Law §§ 264 (1) and 265 (1) and that the ZBA's finding that an error in an earlier zoning map had been carried forward to the current map was arbitrary and capricious and based on community pressure and bad faith. The Supreme Court declared that the property was located in the "CA-I" multifamily zone. Shortly thereafter, the petitioner submitted another site plan application. While the site plan application was under review, the Town Board passed resolutions that, among other things, rezoned various properties, including the petitioner's. As a result, the property was rezoned to the "R-20" single-family district. The petitioner commenced the instant proceeding pursuant to CPLR article 78, among other things, to annul so much of the resolution as amended the official zoning map and changed the property's zoning from multifamily to single family. The Supreme Court granted the petition.

"Collateral estoppel, or issue preclusion, 'precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party [or those in privity], whether or not the

tribunals or causes of action are the same' " (*Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d 343, 349 [1999], quoting *Ryan v New York Tel. Co.*, 62 NY2d 494, 500 [1984]; *see 47 Thames Realty, LLC v Rusconie*, 85 AD3d 853 [2011]). "This doctrine applies only 'if the issue in the second action is identical to an issue which was raised, necessarily decided and material in the first action, and the [party to be bound] had a full and fair opportunity to litigate the issue in the earlier action' " (*City of New York v Welsbach Elec. Corp.*, 9 NY3d 124, 128 [2007], quoting *Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d at 349; *see Maybaum v Maybaum*, 89 AD3d 692, 695 [2011]).

Here, the doctrine of collateral estoppel precluded the Town from relitigating the issue raised and decided in proceeding I. The Town argued in proceeding I that the 1997 official zoning map showing that the property was zoned as multifamily was the result of an error, and the Supreme Court expressly determined that the ZBA's finding that the official zoning map had carried forward an error from the previous map was arbitrary and capricious and based on community pressure and bad faith. The instant proceeding concerns the Town's amendment of the official zoning map to correct an error and show that the property was properly zoned in a single-family district, the same issue that was decided in proceeding I. Moreover, the Town had a full and fair opportunity to litigate the issue in proceeding I. Accordingly, the Supreme Court properly granted the petition.

In view of our determination, we need not address the parties' remaining contentions. Mastro, J.P., Cohen, Maltese and Barros, JJ., concur.