■ Louis Paar et al., Appellants, v Bay Crest Association, Also Known as Bay Crest Association, Inc. and Others, et al., Respondents. [35 NYS3d 190]—

In an action, inter alia, to recover damages for breach of contract, tortious interference with contractual relations, and breach of fiduciary duty, the plaintiffs appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Spinner, J.), dated February 6, 2014, as (a) granted those branches of the motion of the defendants Bay Crest Association, Richard Hamburger, and Hamburger, Maxson, Yaffe, Wishod & McNally, LLP, which were pursuant to CPLR 3211 (a) to dismiss the complaint and pursuant to 22 NYCRR 130-1.1 for the imposition of sanctions and costs in the form of a reasonable attorney's fee and expenses against the plaintiffs, and (b) imposed sanctions against the plaintiffs, and (2) from a money judgment of the same court entered March 26, 2014, which, after a hearing on the amount of a reasonable attorney's fee and expenses to be awarded, is in favor of the defendant Bay Crest Association and against them in the principal sum of $54,098.33.

Ordered that the appeal from so much of the order as granted that branch of the motion of the defendants Bay Crest Association, Richard Hamburger, and Hamburger, Yaffe, Wishod & McNally, LLP, which was pursuant to 22 NYCRR 130-1.1 for the imposition of costs in the form of a reasonable attorney's fee and expenses against the plaintiffs is dismissed; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that the money judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendants Bay Crest Association, Richard Hamburger, and Hamburger, Maxson, Yaffe, Wishod & McNally, LLP.

The appeal from so much of the order as granted that branch of the motion of the defendants Bay Crest Association, Richard Hamburger, and Hamburger, Yaffe, Wishod & McNally, LLP, which was pursuant to 22 NYCRR 130-1.1 for the imposition of costs in the form of a reasonable attorney's fee and expenses against the plaintiffs must be dismissed, as that portion of the order was superseded by the money judgment.

The plaintiffs are homeowners in Bay Crest, a private community in the Village of Huntington Bay in Suffolk County. They commenced this action against, among others, the Bay Crest Association (hereinafter the Association), Hamburger,

Maxson, Yaffe, Wishod & McNally, LLP (hereinafter the law firm), the Association's attorneys, and Richard Hamburger, a member of the law firm (hereinafter collectively the defendants). The plaintiffs asserted causes of action, inter alia, to recover damages for breach of contract, tortious interference with contractual relations, and breach of fiduciary duty. The defendants sought dismissal of the complaint on the ground that it was barred by the doctrines of res judicata and collateral estoppel, and further sought the imposition of sanctions against the plaintiffs and costs in the form of a reasonable attorney's fee and expenses for frivolous conduct. The Supreme Court granted the motion to the extent of directing the dismissal of the complaint, imposing sanctions against the plaintiffs, and directing a hearing on the issue of an attorney's fee and expenses. After the hearing, the court issued a judgment in favor of the Association and against the plaintiffs in the principal sum of $54,098.33, representing an attorney's fee and expenses. The plaintiffs appeal.

Under the doctrine of res judicata, "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy" (*O'Brien v City of Syracuse*, 54 NY2d 353, 357 [1981]; *see SSJ Dev. of Sheepshead Bay I, LLC v Amalgamated Bank*, 128 AD3d 674, 675 [2015]; *Dupps v Betancourt*, 121 AD3d 746, 747 [2014]). The doctrine of res judicata bars a party from relitigating any claim which could have been or should have been litigated in a prior proceeding (*see SSJ Dev. of Sheepshead Bay I, LLC v Amalgamated Bank*, 128 AD3d at 675; *County of Nassau v New York State Pub. Empl. Relations Bd.*, 151 AD2d 168, 185 [1989], *affd* 76 NY2d 579 [1990]). Similarly, collateral estoppel, or issue preclusion, "precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same" (*Ryan v New York Tel. Co.*, 62 NY2d 494, 500 [1984]; *see Matter of S&R Dev. Estates, LLC v Feiner*, 132 AD3d 772, 773-774 [2015]). Here, in view of the previous litigation between the parties, the Supreme Court properly directed the dismissal of the complaint on the ground that the claims therein were barred by the doctrines of res judicata and collateral estoppel.

Moreover, the Supreme Court providently exercised its discretion in imposing sanctions and costs in the form of a reasonable attorney's fee and expenses against the plaintiffs

pursuant to 22 NYCRR 130-1.1 (*see generally Matter of Wen Zong Yu v Fan*, 124 AD3d 906 [2015]; *Capetola v Capetola*, 96 AD3d 612 [2012]; *Davey v Davey*, 44 AD3d 701 [2007]). Further, after a hearing, the Supreme Court providently exercised its discretion in awarding the Association an attorney's fee and expenses in the principal sum of $54,098.33 (*see Davey v Davey*, 44 AD3d at 701).

The plaintiffs' remaining contentions are without merit, are improperly raised for the first time on appeal, or need not be reached in light of the foregoing determination. Eng, P.J., Mastro, Maltese and LaSalle, JJ., concur.