■ LAW OFFICES OF PETER D. HOFFMAN, P.C., Respondent, v WILLIAM CULLEN et al., Appellants. [55 NYS3d 315]—

In an action to recover damages for breach of contract, the defendants appeal from (1) an order of the Supreme Court, Westchester County (Smith, J.), dated August 26, 2014, which denied their motion pursuant to CPLR 3211 (a) (8) to dismiss the complaint and granted the plaintiff's cross motion for summary judgment on so much of its breach of contract cause of action as sought to recover the sum of $242,103.84 for unpaid attorneys' fees and costs, (2) a judgment of the same court dated October 23, 2014, which, upon the order dated August 26, 2014, is in favor of the plaintiff and against them in the principal sum of $242,103.84, and (3) an order of the same court dated March 16, 2015, which granted the plaintiff's motion to compel them to answer an information subpoena, hold them in contempt, and impose sanctions.

Ordered that the appeal from the order dated August 26, 2014, is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the order dated March 16, 2015, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the order dated August 26, 2014, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see *Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from that order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

In August 2001, the defendants retained the plaintiff, Law Offices of Peter D. Hoffman, P.C. (hereinafter the Hoffman firm), to represent them in various legal matters. These legal matters included a federal action commenced in the United States District Court for the Southern District of New York (hereinafter the Southern District) in March 2003, until the Hoffman firm's motion to withdraw as counsel was granted in November 2008. Thereafter, the Hoffman firm moved in the Southern District action pursuant to the Judiciary Law to recover outstanding legal fees and costs related to that action. After an evidentiary hearing, the Southern District determined that the Hoffman firm was entitled to, in effect, a charging lien in the principal sum of $242,103.84 for attorneys' fees and costs relating to the Southern District action. Since the motion

was filed pursuant to the Judiciary Law, the Southern District directed the Hoffman firm to commence a plenary action in state court to recover the unpaid fees.

The Hoffman firm thereafter commenced this action. The complaint asserted a single cause of action, for breach of contract, and sought to recover the sum of $242,103.84 for unpaid attorneys' fees arising from the Southern District action, and additional fees in the sum of $142,387.99 arising from other representation. The defendants moved pursuant to CPLR 3211 (a) (8) to dismiss the complaint and the Hoffman firm cross-moved for summary judgment on so much of the breach of contract cause of action as sought to recover the sum of $242,103.84 for unpaid attorneys' fees arising from the Southern District action.

In an order dated August 26, 2014, the Supreme Court denied the defendants' motion to dismiss the complaint and granted the Hoffman firm's cross motion. The Supreme Court thereafter entered a judgment in favor of the Hoffman firm in the principal sum of $242,103.84. The defendants appeal from both the order and the judgment.

Thereafter, the Hoffman firm served the defendants with an information subpoena to enforce the judgment. The defendant William Cullen's answer to the subpoena stated that the subpoena was overbroad, and he did not provide an answer to any of the questions or provide any of the requested documents. The Hoffman firm then moved, by order to show cause, inter alia, to hold the defendants in contempt for failure to answer the information subpoena. The Supreme Court granted the motion and imposed a nominal sanction in the sum of $300 on each defendant, as no actual loss or injury was shown. The defendants appeal.

The defendants' argument that personal service of the summons and complaint was improper has been waived, as they failed to assert improper service in their answer or in their motion to dismiss the complaint (see Generation Mtge. Co. v Medina, 138 AD3d 688, 689 [2016]). The Supreme Court properly determined that the defendants' remaining arguments regarding irregularities in the pleadings did not warrant dismissal of the action.

The Supreme Court properly granted the Hoffman firm's motion for summary judgment on so much of the breach of contract cause of action as sought to recover the sum of $242,103.84 for unpaid attorneys' fees arising from the Southern District action, pursuant to the doctrine of collateral estoppel (see O'Brien v City of Syracuse, 54 NY2d 353, 357

[1981]; *Gramatan Home Invs. Corp. v Lopez*, 46 NY2d 481, 485 [1979]; *Paar v Bay Crest Assn.*, 140 AD3d 1137 [2016]; *SSJ Dev. of Sheepshead Bay I, LLC v Amalgamated Bank*, 128 AD3d 674, 675 [2015]; *Dupps v Betancourt*, 121 AD3d 746, 747 [2014]).

The Supreme Court providently exercised its discretion in finding the defendants in contempt for their refusal or willful neglect to respond to the information subpoena (*see* CPLR 5251; *Matter of Lupoli*, 275 AD2d 44, 46 [2000]).

We decline the Hoffman firm's request to impose a sanction upon the defendants for pursuing an allegedly frivolous appeal (*see* 22 NYCRR 130-1.1). Leventhal, J.P., Hall, Hinds-Radix and Brathwaite Nelson, JJ., concur.