Matter of A. Ottavino Prop. Corp. v Incorporated Vil. of Westbury (2022 NY Slip Op 01786)





Matter of A. Ottavino Prop. Corp. v Incorporated Vil. of Westbury


2022 NY Slip Op 01786


Decided on March 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
SHERI S. ROMAN
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.


2019-10823
 (Index No. 3886/17)

[*1]In the Matter of A. Ottavino Property Corp., appellant,
v
Incorporated Village of Westbury, et al., respondents.


Leavitt Kerson & Sehati, Forest Hills, NY (Paul E. Kerson of counsel), for appellant.
Sahn Ward Coschignano PLLC, Uniondale, NY (Andrew M. Roth of counsel), for respondents Incorporated Village of Westbury and Tadeus Blach.
Robert Bichoupan, P.C., Great Neck, NY (Carolyn Bichoupan of counsel), for respondents BR Madison, LLC, and Nassau Property Investors, LLC.



DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78 and action for declaratory relief, the petitioner/plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (Antonio I. Brandveen, J.), dated August 15, 2019. The order and judgment, insofar as appealed from, granted that branch of the motion of the respondents/defendants which was pursuant to CPLR 3211(a) and 7804(f) to dismiss the petition and, in effect, dismissed the proceeding.
ORDERED that the order and judgment is affirmed insofar as appealed from, with one bill of costs.
The petitioner/plaintiff (hereinafter the petitioner) commenced this hybrid proceeding pursuant to CPLR article 78 and action for declaratory relief, challenging the issuance of a tax deed. In an order and judgment dated August 15, 2019, the Supreme Court, inter alia, granted that branch of the motion of the respondents/defendants (hereinafter the respondents) which was pursuant to CPLR 3211(a) and 7804(f) to dismiss the petition as barred by the doctrine of collateral estoppel and, in effect, dismissed the proceeding. The petitioner appeals.
"The doctrine of collateral estoppel, a narrower species of res judicata, precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same" (Ryan v New York Tel. Co., 62 NY2d 494, 500; see Simmons v Trans Express Inc., 37 NY3d 107, 112; Reid v Reid, 198 AD3d 993). "The party seeking the benefit of collateral estoppel bears the burden of proving that the identical issue was necessarily decided in the prior action [or proceeding] and is decisive of the present action [or proceeding], and [t]he party against whom preclusion is sought bears the burden of demonstrating the absence of a full and fair opportunity to contest the prior determination" (Fowler v Indymac Bank, FSB, 176 AD3d 682, 684 [internal quotation marks omitted]; see Matter of Dunn, 24 NY3d 699, 704; Lennon v 56th & Park [NY] Owner, LLC, 199 AD3d 64, 69). Here, the respondents established that the decisive issue in [*2]this proceeding was necessarily decided against the petitioner in a prior action pursuant to RPAPL article 15 to quiet title to real property, and the petitioner failed to demonstrate that it did not have a full and fair opportunity to contest the prior determination (see Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 349-350; Bruno v Bank of N.Y., 172 AD3d 992, 995; Schwarz v Schwarz, 150 AD3d 915, 917).
Accordingly, the Supreme Court properly granted that branch of the respondents' motion which was pursuant to CPLR 3211(a) and 7804(f) to dismiss the petition as barred by the doctrine of collateral estoppel and, in effect, dismissed the proceeding.
The parties' remaining contentions need not be reached in light of our determination.
BRATHWAITE NELSON, J.P., ROMAN, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court