Ethington v H & M Hennes & Mauritz, L.P. (2022 NY Slip Op 06467)

Ethington v H & M Hennes & Mauritz, L.P.

2022 NY Slip Op 06467

Decided on November 16, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2021-04552
 (Index No. 512898/20)

[*1]Brigitte Ethington, appellant, 
v
H & M Hennes & Mauritz, L.P., respondent.

Kahn Gordon Timko & Rodriques, P.C., New York, NY (Tyler C. Garvey and Nicholas I. Timko of counsel), for appellant.
Marshall Dennehy Warner Coleman & Goggin, P.C., Purchase, NY (R. David Lane, Jr., of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated May 20, 2021. The order, insofar as appealed from, granted that branch of the defendant's motion which was to compel the plaintiff to respond to demand 14 in the defendant's demand for a bill of particulars.
ORDERED that the order is affirmed insofar as appealed from; and it is further,
ORDERED that on the Court's own motion, the parties to the appeal are directed to show cause before this Court why an order should or should not be made and entered imposing sanctions and/or costs, if any, including appellate counsel fees, upon the plaintiff's counsel, Kahn Gordon Timko & Rodriques, P.C., pursuant to 22 NYCRR 130-1.1(c) as this Court may deem appropriate, by uploading an affirmation or affidavit on that issue, with proof of service thereof, to NYSCEF, on or before December 7, 2022; and it is further,
ORDERED that the Clerk of this Court, or her designee, is directed to serve a copy of this order to show cause upon the parties to this appeal, via upload to NYSCEF; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
In the complaint, the plaintiff alleged that she sustained personal injuries resulting from a fall in a department store owned and operated by the defendant. In demand 14 in its demand for a bill of particulars, the defendant sought information regarding, inter alia, whether the plaintiff notified the defendant or anyone on its behalf of the accident. Although that demand is not expressly authorized under CPLR 3043(a) (see Mahr v Perry, 74 AD3d 1030, 1031; Feraco v Long Is. Jewish-Hillside Med. Ctr., 97 AD2d 498, 498), the Supreme Court providently exercised its discretion, pursuant to CPLR 3043(c), by compelling the plaintiff to provide a response to demand 14 (see Twiddy v Standard Mer. Transp. Servs., 162 AD2d 264, 265). The plaintiff's contention that demand 14 in the demand for a bill of particulars constituted interrogatories, and that, therefore, the defendant waived its right to depose the plaintiff is completely without merit (see CPLR 3130[1]).
In addition, since the plaintiff has raised arguments on this appeal that appear to be "completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law" (22 NYCRR 130-1.1[c][1]), and/or were undertaken primarily to delay or prolong the resolution of the litigation (see 22 NYCRR 130-1.1[c][1], [2]), the appeal may be frivolous (see Patouhas v Patouhas, 172 AD3d 1221, 1222). Accordingly, we direct the submission of affirmations or affidavits on the issue of whether, and in what amount, costs or sanctions, including reimbursement to the defendant for reasonable attorneys' fees in connection with this appeal, should or should not be imposed upon the plaintiff's counsel, Kahn Gordon Timko & Rodriques, P.C.
BARROS, J.P., MILLER, DOWLING and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court