Gregg v Lan Zhen Chen (2023 NY Slip Op 04993)

Gregg v Lan Zhen Chen

2023 NY Slip Op 04993

Decided on October 4, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 4, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.

2022-00324
 (Index No. 100052/19)

[*1]R. A. Gregg, etc., et al., appellants,
v
Lan Zhen Chen, et al., respondents.

R. A. Gregg and Cherynne Caro, Staten Island, NY, appellants pro se.
The Law Offices of Perry Ian Tischler, P.C., Bayside, NY, for respondents.

DECISION & ORDER
In an action to recover damages for breach of bailment and intentional infliction of emotional distress, the plaintiffs appeal from an order of the Supreme Court, Richmond County (Catherine M. DiDomenico), dated December 3, 2021. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The defendants are the former landlords of the plaintiff R. A. Gregg. Following Gregg's eviction from the subject premises in August 2019, the defendants allegedly damaged or removed personal property remaining on the premises. In September 2019, the plaintiffs commenced this action to recover damages for breach of bailment and intentional infliction of emotional distress. The defendants moved for summary judgment dismissing the complaint. In an order dated December 3, 2021, the Supreme Court granted the defendants' motion, and the plaintiffs appeal.
"Under res judicata, or claim preclusion, a valid final judgment bars future actions between the same parties on the same cause of action" (Simmons v Trans Express Inc., 37 NY3d 107, 111 [internal quotation marks omitted]; see Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 347; Jacobson Dev. Group, LLC v Grossman, 198 AD3d 956, 959). "The doctrine of res judicata operates to preclude the reconsideration of claims actually litigated and resolved in a prior proceeding, as well as claims for different relief against the same party which arise out of the same factual grouping or transaction, and which should have or could have been resolved in the prior proceeding" (Jacobson Dev. Group, LLC v Grossman, 198 AD3d at 959 [internal quotation marks omitted]; see Paramount Pictures Corp. v Allianz Risk Transfer AG, 31 NY3d 64, 72). "The doctrine of collateral estoppel, a narrower species of res judicata, precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same" (Ryan v New York Tel. Co., 62 NY2d 494, 500; see Simmons v Trans Express Inc., 37 NY3d at 112; Matter of A. Ottavino Prop. Corp. v Incorporated Vil. of Westbury, 203 AD3d 920, 921). "The party seeking the benefit of collateral estoppel bears the burden of proving that the identical issue was necessarily decided in the prior action [or proceeding] and is decisive of the present action [or proceeding], and [t]he party against whom preclusion is sought bears the burden of demonstrating the absence of a full and fair opportunity to contest the prior determination" (Matter of A. Ottavino [*2]Prop. Corp. v Incorporated Vil. of Westbury, 203 AD3d at 921 [internal quotation marks omitted]).
Here, the Supreme Court properly concluded that the cause of action alleging breach of bailment was barred by the doctrines of res judicata and collateral estoppel (see id.; Reid v Reid, 198 AD3d 993, 994; Jacobson Dev. Group, LLC v Grossman, 198 AD3d at 959). The defendants established that in a prior eviction proceeding, the Civil Court of the City of New York necessarily determined that the defendants were entitled to dispose of property remaining on the premises after Gregg's eviction without liability, and that, although the plaintiff Cherynne Caro was not a party to the prior proceeding, she was in privity with Gregg (see D'Arata v New York Cent. Mut. Fire Ins. Co., 76 NY2d 659, 664; Bayer v City of New York, 115 AD3d 897, 898-899). In opposition, the plaintiffs failed to demonstrate that they did not have a full and fair opportunity to contest the prior determination (see Parker v Blauvelt Volunteer Fire Co., 93 NY2d at 350; Matter of A. Ottavino Prop. Corp. v Incorporated Vil. of Westbury, 203 AD3d at 921).
With respect to the cause of action alleging intentional infliction of emotional distress, the Supreme Court properly determined that the conduct complained of does not rise to the level of extreme and outrageous behavior required to support such a claim (see Chen v Wang, 164 AD3d 1299; Video Voice, Inc. v Local T.V., Inc., 156 AD3d 848, 850).
The plaintiffs' remaining contentions are without merit.
Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint.
BRATHWAITE NELSON, J.P., MILLER, FORD and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court