L.T. Motors Auto Sales, Inc. v Kaplon-Belo Assoc., Inc. (2024 NY Slip Op 04550)

L.T. Motors Auto Sales, Inc. v Kaplon-Belo Assoc., Inc.

2024 NY Slip Op 04550

Decided on September 25, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 25, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
BARRY E. WARHIT
CARL J. LANDICINO, JJ.

2022-01359
 (Index No. 709506/21)

[*1]L.T. Motors Auto Sales, Inc., appellant, 
v
Kaplon-Belo Associates, Inc., et al., respondents.

M. Daniel Bach, New York, NY, for appellant.
Jack L. Glasser, P.C., Jamaica, NY, for respondents.

DECISION & ORDER
In an action, inter alia, for specific performance of an option to purchase certain real property, the plaintiff appeals from an order of the Supreme Court, Queens County, entered January 27, 2022. The order denied the plaintiff's motion, inter alia, for a preliminary injunction enjoining the defendants from initiating an eviction proceeding against it and granted the defendants' cross-motion, in effect, pursuant to CPLR 3211(a)(5) to dismiss the complaint.
ORDERED that the order is affirmed; and it is further,
ORDERED that on the Court's own motion, the parties to the appeal are directed to show cause before this Court why an order should or should not be made and entered imposing sanctions and/or costs, if any, including appellate counsel fees, upon the plaintiff and/or the plaintiff's counsel M. Daniel Bach, pursuant to 22 NYCRR 130-1.1(c) as this Court may deem appropriate, by uploading an affirmation or affidavit on that issue, with proof of service thereof, to NYSCEF, on or before October 25, 2024; and it is further,
ORDERED that the Clerk of this Court, or his designee, is directed to serve a copy of this order to show cause upon the parties to this appeal, via upload to NYSCEF; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
In July 2006, the plaintiff, as tenant, entered into a lease agreement with Michael Holdings, Inc. (hereinafter Michael Holdings), as owner, for premises located at 43-42 and 43-44 37th Street in Long Island City. In August 2006, the plaintiff and Michael Holdings amended the lease to include an option for the plaintiff to purchase the premises for the sum of $700,000. In order to exercise the purchase option, the plaintiff was required to pay Michael Holdings the sum of $150,000 as consideration. The plaintiff was not eligible to exercise the purchase option until Michael Holdings received the consideration in full. The amendment further provided that after Michael Holdings received the consideration, the plaintiff would have the option to pay the purchase price in monthly installments for "a period of four (4) years from October 1, 2006."
In October 2007, the defendants, Kaplon-Belo Associates, Inc. (hereinafter Kaplon-Belo), and 50 Shot, LLC, acquired the premises after a foreclosure sale in an action to foreclose a tax lien. Subsequently, the plaintiff moved in that action to vacate the judgment of foreclosure and sale. In a decision dated January 16, 2009 (hereinafter the January 2009 decision), the Supreme Court determined, inter alia, that the purchase option in the lease amendment expired because the [*2]plaintiff had not tendered the consideration in full by October 1, 2006. In an order entered February 13, 2009, upon the January 2009 decision, the court, among other things, denied the plaintiff's motion to vacate the judgment of foreclosure and sale. The plaintiff moved, inter alia, for leave to reargue its motion to vacate the judgment of foreclosure and sale. In an order entered May 8, 2009, the court, among other things, in effect, granted that branch of the plaintiff's motion which was for leave to reargue its motion to vacate the judgment of foreclosure and sale and, upon reargument, adhered to the prior determination denying that motion. This Court affirmed the order entered May 8, 2009, insofar as appealed from by the plaintiff (see NYCTL 1998-2 v Michael Holdings, Inc., 77 AD3d 805).
In January 2013, the plaintiff and its president, Maxim Fuzailov, commenced an action against the defendants, Michael Holdings, Michael Mann, and Roslyn Mann (hereinafter the 2013 action). The plaintiff asserted, inter alia, a cause of action against the defendants for specific performance of the purchase option. In an order dated April 26, 2016, the Supreme Court, among other things, granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action for specific performance of the purchase option insofar as asserted by the plaintiff based on the doctrines of res judicata and collateral estoppel. The appeal by the plaintiff and Fuzailov from the order dated April 26, 2016, was dismissed by this Court for failure to perfect the appeal.
In March 2020, Kaplon-Belo commenced a nonpayment proceeding against the plaintiff. In April 2021, the plaintiff commenced this action against the defendants, inter alia, for specific performance of the purchase option. The plaintiff moved, inter alia, for a preliminary injunction enjoining the defendants from initiating an eviction proceeding against it. The defendants cross-moved, in effect, pursuant to CPLR 3211(a)(5) to dismiss the complaint on the grounds that the causes of action were barred by the doctrines of res judicata and collateral estoppel. In an order entered January 27, 2022, the Supreme Court denied the plaintiff's motion and granted the defendants' cross-motion. The plaintiff appeals.
"'Under the doctrine of res judicata, a disposition on the merits bars litigation between the same parties or those in privity with them of a cause of action arising out of the same transaction or series of transactions as a cause of action that either was raised or could have been raised in the prior proceeding'" (Genaro Partners, Inc. v Somwaru, 200 AD3d 858, 860, quoting Goldstein v Massachusetts Mut. Life Ins. Co., 32 AD3d 821, 821; see Gregg v Lan Zhen Chen, 220 AD3d 697, 698; Bayer v City of New York, 115 AD3d 897, 898). The doctrine of collateral estoppel "'precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same'" (Paar v Bay Crest Assn., 140 AD3d 1137, 1139, quoting Ryan v New York Tel. Co., 62 NY2d 494, 500; see Matter of A. Ottavino Prop. Corp. v Incorporated Vil. of Westbury, 203 AD3d 920, 921). "'The party seeking the benefit of collateral estoppel bears the burden of proving that the identical issue was necessarily decided in the prior action and is decisive of the present action [or proceeding], and [t]he party against whom preclusion is sought bears the burden of demonstrating the absence of a full and fair opportunity to contest the prior determination'" (Matter of A. Ottavino Prop. Corp. v Incorporated Vil. of Westbury, 203 AD3d at 921, quoting Fowler v Indymac Bank, FSB, 176 AD3d 682, 684; see Bruno v Bank of N.Y., 172 AD3d 992, 994).
Here, the Supreme Court properly determined that the causes of action were barred by the doctrine of res judicata (see Gregg v Lan Zhen Chen, 220 AD3d at 699; Genaro Partners, Inc. v Somwaru, 200 AD3d at 860; Bayer v City of New York, 115 AD3d at 899). The causes of action were also barred by the doctrine of collateral estoppel (see Matter of A. Ottavino Prop. Corp. v Incorporated Vil. of Westbury, 203 AD3d at 921; Bruno v Bank of N.Y., 172 AD3d at 995). The defendants established that the court necessarily determined in the January 2009 decision that the purchase option in the lease amendment expired. The defendants also demonstrated that in the 2013 action, the plaintiff asserted the same cause of action for specific performance of the purchase option against the defendants, and the court determined that the cause of action was barred by the doctrines of res judicata and collateral estoppel. In opposition, the plaintiff failed to demonstrate that it did not have a full and fair opportunity to contest the prior determinations (see Gregg v Lan Zhen Chen, 220 AD3d at 698; Bruno v Bank of N.Y., 172 AD3d at 995).
In light of our determination, we need not reach the plaintiff's remaining contention.
Accordingly, the Supreme Court properly denied the plaintiff's motion, inter alia, for a preliminary injunction and properly granted the defendants' cross-motion, in effect, pursuant to CPLR 3211(a)(5) to dismiss the complaint.
Since the plaintiff has raised arguments on this appeal that appear to be "completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law" (22 NYCRR 130-1.1[c][1]), and/or were undertaken primarily to delay or prolong the resolution of the litigation (see id. § 130-1.1[c][2]), the appeal may be frivolous (see Ethington v H & M Hennes & Mauritz, L.P., 210 AD3d 867, 868; Patouhas v Patouhas, 172 AD3d 1221, 1222). Accordingly, we direct the submission of affirmations or affidavits on the issue of whether, and in what amount, costs or sanctions in connection with this appeal should or should not be imposed upon the plaintiff and/or the plaintiff's counsel.
BARROS, J.P., MALTESE, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court