Babad v Oratz (2025 NY Slip Op 05490)

Babad v Oratz

2025 NY Slip Op 05490

Decided on October 8, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 8, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JANICE A. TAYLOR
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2024-03368
 (Index No. 518280/23)

[*1]Chaim Babad, appellant, 
v
Moshe Oratz, et al., respondents.

Lonuzzi & Woodland, LLP, Brooklyn, NY (John Lonuzzi of counsel), for appellant.
Schlam Stone & Dolan LLP, New York, NY (Richard H. Dolan, Thomas A. Kissane, Jessica R. Caterina, and Eni Mihilli of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for fraud, aiding and abetting fraud, and violation of Judiciary Law § 487, the plaintiff appeals from an order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated December 14, 2023. The order granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint is denied.
In June 2023, the plaintiff commenced this action to recover damages for fraud, aiding and abetting fraud, and violation of Judiciary Law § 487. The defendants moved pursuant to CPLR 3211(a) to dismiss the complaint. In an order dated December 14, 2023, the Supreme Court granted the motion on the ground that the action was barred by the doctrines of collateral estoppel and res judicata.
"Pursuant to CPLR 3211(a)(5), a party may move to dismiss a [complaint] based on the doctrine of res judicata or collateral estoppel" (Joseph v Bank of N.Y. Mellon, 219 AD3d 596, 597). "Under the doctrine of res judicata, a disposition on the merits bars litigation between the same parties or those in privity with them of a cause of action arising out of the same transaction or series of transactions as a cause of action that either was raised or could have been raised in the prior proceeding" (Goldstein v Massachusetts Mut. Life Ins. Co., 32 AD3d 821, 821; see Paramount Pictures Corp. v Allianz Risk Transfer AG, 31 NY3d 64, 72-73). The doctrine of collateral estoppel "precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same" (Ryan v New York Tel. Co., 62 NY2d 494, 500; see Matter of A. Ottavino Prop. Corp. v Incorporated Vil. of Westbury, 203 AD3d 920, 921). "The party seeking the benefit of collateral estoppel bears the burden of proving that the identical issue was necessarily decided in the prior action and is decisive of the present action, and the party against whom preclusion is sought bears the burden of demonstrating the absence of a full and fair opportunity to contest the prior determination" (Fowler v Indymac Bank, FSB, 176 AD3d 682, 684 [alteration and internal quotation marks omitted]; see Matter of Dunn, 24 NY3d 699, 704).
Here, contrary to the determinations of the Supreme Court, the issues raised in the instant action were not decided and could not have been raised in a prior action to which the plaintiff was a party. Accepting the facts as alleged in the complaint as true (see Leon v Martinez, 84 NY2d 83, 87), the evidence on which the plaintiff relies was discovered subsequent to entry of a judgment in the prior action (see Altman v Orseck, 235 AD3d 818, 819; Specialized Indus. Servs. Corp. v Carter, 68 AD3d 750, 752). Accordingly, neither res judicata nor collateral estoppel bars the plaintiff from litigating the instant action against the defendants.
The defendants' remaining contentions are without merit. Accordingly, the Supreme Court should have denied the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint.
BRATHWAITE NELSON, J.P., TAYLOR, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court