■ Mony Credit Corporation, Appellant, v Colt Container Services, Inc., et al., Respondents.—In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Hurowitz, J.), dated June 5, 1989, which denied its motion for summary judgment.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment is granted.

On appeal the plaintiff contends that the defenses raised by the defendant mortgagors in opposition to foreclosure are barred by the doctrine of res judicata, because the Supreme Court previously determined in a related action that it is entitled to recover upon the loan secured by the mortgage. We agree. Under New York's transactional analysis approach to res judicata, "once a claim is brought to a final conclusion, all other claims * * * are barred, even if based upon different theories or if seeking a different remedy" *(O'Brien v City of Syracuse,* 54 NY2d 353, 357; *Slavin v Fischer,* 160 AD2d 934). At bar, while the prior action to recover a judgment upon the mortgage debt, and the instant action to foreclose the mortgage which secured that debt, differ in the remedies sought, both actions arise from the same transaction, and raise identical issues concerning the validity of the underlying mortgage and the default thereunder. Since the defenses raised by the defendants in opposition to summary judgment in the instant action were either raised or could have been raised as defenses in the prior action to recover a judgment upon the mortgage debt, they are thus barred by the doctrine of res judicata *(see, Rizzo v Ippolito,* 137 AD2d 511; *Romano v Astoria Fed. Sav. & Loan Assn.,* 111 AD2d 751). Accordingly, the plaintiff's motion for summary judgment should have been granted. Mangano, P. J., Thompson, Eiber and Rosenblatt, JJ., concur.