■ In the Matter of JOHN T. MEEHAN, Appellant, v NASSAU COMMUNITY COLLEGE, Respondent. [647 NYS2d 865] —In a proceeding pursuant to CPLR 7510 to confirm an award of the County of Nassau Public Employee Relations Board rendered on November 23, 1994, the petitioner appeals from an order of the Supreme Court, Nassau County (Lockman, J.), entered July 7, 1995, which denied the petition to confirm the award and granted the cross petition to vacate the award.

Ordered that the order is affirmed, with costs.

In 1990, Nassau Community College (hereinafter the Col-

lege) declined to assign courses to Professor Michael DeLuca, claiming that he was unqualified to teach in the Communications Department. A prerequisite to teaching in the Communications Department, beginning in 1978, was a Masters Degree in Communications, which DeLuca undisputably did not possess. DeLuca had been teaching courses assigned to him by the Communications Department from the Spring of 1986 until the Spring of 1990, when he was informed that he lacked the necessary qualifications. Apparently, in 1989, after an accreditation committee of the Middle States Association Commission on Higher Education "categorically indicated" that, unless the College's assignment of faculty was based, first and foremost, on academic credentials, its accreditation would be in jeopardy, the College began to review and check the personnel file of each faculty member to ascertain whether the member possessed the minimum academic credentials to teach in each department.

The petitioner instituted a grievance on behalf of DeLuca, claiming that the College had violated the parties' collective bargaining agreement. The grievance was sustained by the County of Nassau Public Employee Relations Board (hereinafter the Board) and, when the College declined to implement the Board's decision, the petitioner commenced this proceeding pursuant to CPLR 7510 to confirm the award.

A public policy may not be invoked in every instance where arbitration of a collective bargaining agreement threatens to encroach upon the management prerogatives of a college (see, Matter of Wyandanch Union Free School Dist. v Wyandanch Teachers Assn., 48 NY2d 669, 670). It is also true that only when the award contravenes a strong public policy, almost invariably involving an important constitutional or statutory duty or responsibility, may it be set aside (see, Port Jefferson Sta. Teachers Assn. v Brookhaven-Comsewogue Union Free School Dist., 45 NY2d 898, 899). However, here, it is clear that the award the petitioner seeks to confirm contravenes strong public policy, inasmuch as it requires the College to retain DeLuca even though he is undisputably unqualified to teach in the Communications Department because of his lack of certain academic credentials (Matter of Meehan v Nassau Community Coll., 152 AD2d 313, 316-317; see also, County of Nassau v New York State Pub. Empl. Relations Bd., 151 AD2d 168, 172, affd 76 NY2d 579).

In light of the foregoing, the College's remaining contention need not be addressed. Sullivan, J. P., Pizzuto, Santucci and Hart, JJ., concur.