■ SUFFERN REALTY ASSOCIATES CORP., Appellant, v KARAN GAREWAL, Respondent. [837 NYS2d 337]—

In an action, inter alia, for specific performance of an agreement to assign to the plaintiff the defendant's winning bid to purchase certain property at a foreclosure sale, and to recover damages for breach of the agreement, the plaintiff appeals from an order of the Supreme Court, Rockland County (Garvey, J.), dated August 7, 2006, which denied its motion, inter alia, for leave to serve an amended complaint adding a cause of action to recover damages for tortious interference with contract and for summary judgment on the amended complaint, and granted the defendant's cross motion, inter alia, for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff's rights to the subject property, pursuant to an assignment to it of the defendant's winning bid at a foreclosure sale, were adjudicated in a prior action. By two orders dated September 20, 2004, entered in that prior action, the plaintiff was determined to be in default of the "Terms of Sale" and the defendant, Karan Garewal, was granted leave to complete the purchase within 30 days, or be held liable for any deficiency between the amount of his bid and the amount for which the property would be purchased upon resale by a new successful bidder. Subsequently, the Supreme Court issued an order dated March 29, 2005, which, upon renewal, adhered to the original determinations set forth in the orders dated September 20, 2004. The order dated March 29, 2005 was affirmed by this Court (*see Nationsbanc Mtge. Corp. v Weintraub*, 26 AD3d 318 [2006]). In view of the foregoing, the plaintiff's claims against the defendant are barred by collateral estoppel (*see Hemingway v U.S.*

*Bank Natl.*, 5 AD3d 351 [2004]; *Matter of Kleiger-Brown v Brown,* 306 AD2d 482, 483 [2003]). Accordingly, the Supreme Court properly denied the plaintiff's motion, inter alia, for leave to serve an amended complaint adding a cause of action to recover damages for tortious interference with contract and for summary judgment on the amended complaint, and properly granted the defendant's cross motion, inter alia, for summary judgment dismissing the complaint. Crane, J.P., Goldstein, Covello and Dickerson, JJ., concur.