SSJ Development of Sheepshead Bay I, LLC, et al., Appellants, v Amalgamated Bank, Respondent. [10 NYS3d 105]—

In an action to recover damages for breach of contract, fraud, breach of fiduciary duty, and unjust enrichment, the plaintiffs appeal from an order of the Supreme Court, Kings County (Graham, J.), dated February 10, 2014, which granted the defendant's motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint as barred by the doctrines of res judicata and collateral estoppel.

Ordered that the order is affirmed, with costs.

The plaintiffs entered into three loan agreements with the defendant, pursuant to which the defendant agreed to finance the purchase and construction of three real estate projects. Under the agreements, the contractors selected by the plaintiffs to perform the work were required to be affiliated with the AFL-CIO or had to be approved by the defendant. The contractors selected by the plaintiffs were not affiliated with the AFL-CIO and the defendant refused to approve the contracts. The plaintiffs subsequently defaulted on their loan obligations, and the defendant successfully foreclosed three mortgages related to the real estate projects. The plaintiffs then commenced this action against the defendant to recover damages for breach of contract, fraud, breach of fiduciary duty, and unjust enrichment. The plaintiffs alleged that the defendant's conduct in

rejecting the contractors selected by the plaintiffs caused delays and prevented them from fulfilling their obligations under the agreements.

The defendant moved to dismiss the complaint on the grounds that the plaintiffs' claims are barred by the doctrines of res judicata and collateral estoppel, as the issues were already addressed in the prior mortgage foreclosure action commenced by the defendant against the plaintiffs. The Supreme Court granted the defendant's motion, ruling that, in the foreclosure action, the court had specifically addressed the claims that were asserted in the instant complaint, and that the prior decision as to those claims was not merely dicta that was superfluous to the court's determination that the defendant was entitled to summary judgment and foreclosure.

The Supreme Court correctly determined that this action is barred under the doctrines of res judicata and collateral estoppel. The doctrine of res judicata provides that "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy" (*O'Brien v City of Syracuse*, 54 NY2d 353, 357 [1981]; *see Dupps v Betancourt*, 121 AD3d 746, 747 [2014]). The doctrine of res judicata bars a party from relitigating any claim which could have been or should have been litigated in a prior proceeding (*see County of Nassau v New York State Pub. Empl. Relations Bd.*, 151 AD2d 168, 185 [1989], *affd* 76 NY2d 579 [1990]). Therefore, under res judicata, or claim preclusion, a valid final judgment will bar future actions between the same parties involving the same cause of action (*see Matter of Reilly v Reid*, 45 NY2d 24, 27 [1978]).

The claims asserted by the plaintiffs in this case concern the parties' rights and obligations under the mortgage agreements between the plaintiffs and the defendant. As such, those claims needed to be—and, in fact, were—raised by the plaintiffs in defending against the foreclosure action, and thus the plaintiffs are barred from relitigating those claims in this action (*see New Horizons Invs. v Marine Midland Bank*, 248 AD2d 449 [1998]; *see also Mittelman v GE Capital Mtge. Servs.*, 265 AD2d 311 [1999]; *Mony Credit Corp. v Colt Container Servs.*, 169 AD2d 760 [1991]). Moreover, a judgment of foreclosure and sale entered against a defendant "is final as to all questions at issue between the parties, and concludes all matters of defense which were or might have been litigated in the foreclosure action" (*Long Is. Sav. Bank v Mihalios*, 269 AD2d 502, 503 [2000]), and granting the plaintiffs the relief they seek in the

present action would destroy or impair the rights established by the judgment of foreclosure in the prior action (*see Ryan v New York Tel. Co.*, 62 NY2d 494, 500 [1984]; *Schuylkill Fuel Corp. v Nieberg Realty Corp.*, 250 NY 304 [1929]). Thus, the plaintiffs' claims are barred by the doctrine of res judicata.

The plaintiffs' claims are also barred by the doctrine of collateral estoppel. Collateral estoppel, or issue preclusion, precludes a party from relitigating in a subsequent proceeding or action an issue that was raised in a prior action or proceeding and decided against that party or those in privity (*see Ryan v New York Tel. Co.*, 62 NY2d at 500). For the bar to apply, the issue must have been material to the first action and "essential to the decision rendered therein," and it must be the point that is to be determined in the second action, such that "a different judgment in the second would destroy or impair rights or interests established by the first" (*id.* at 500, 501). In addition, the party against whom preclusion is sought must have had a "full and fair opportunity to contest the matter in the prior action" (*Strough v Incorporated Vil. of W. Hampton Dunes*, 78 AD3d 1037, 1039 [2010]).

In this case, the claims sought to be relitigated are identical to those that were decided against the plaintiffs in the foreclosure action. These claims were material to the action and were essential to the decision rendered. Moreover, the plaintiffs had a full and fair opportunity to contest the prior determination (*see Leung v Suffolk Plate Glass Co., Inc.*, 78 AD3d 663, 663-664 [2010]). Indeed, the plaintiffs have conceded that the allegations they are presenting in this action were previously before the Supreme Court and that the court rejected those allegations. Accordingly, the plaintiffs are collaterally estopped from pursuing this action.

The plaintiffs' remaining contentions are without merit. Chambers, J.P., Dickerson, LaSalle and Barros, JJ., concur.