Lamberti v Plaza Equities, LLC (2018 NY Slip Op 03343)





Lamberti v Plaza Equities, LLC


2018 NY Slip Op 03343


Decided on May 9, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2015-06766
 (Index No. 5244/13)

[*1]Mary M. Lamberti, appellant,
v Plaza Equities, LLC, et al., respondents, et al., defendants.


Michael T. Lamberti, New York, NY, for appellant.
Lawrence and Walsh, P.C., Hempstead, NY (Eric P. Wainer of counsel), for respondents Plaza Equities, LLC, PE-NC, LLC, Petrina (Cherardi) Macaluso, and Scott Kiley, individually and as temporary administrator of the estate of John R. Kiley.
Meltzer, Lippe, Goldstein & Breitstone, LLP, Mineola, NY (Loretta M. Gastwirth and Thomas McGowan of counsel), for respondent Private Capital Group, LLC.



DECISION & ORDER
In an action, inter alia, to recover damages for fraud, the plaintiff appeals from an order of the Supreme Court, Nassau County (Angela G. Iannacci, J.), entered March 31, 2015. The order, insofar as appealed from, granted those branches of the separate motions of the defendant Private Capital Group, LLC, and the defendants Plaza Equities, LLC, and PE-NC, LLC, which were pursuant to CPLR 3211(a)(5) to dismiss the amended complaint insofar as asserted against each of them, and granted that branch of the separate motion of the defendants Petrina (Cherardi) Macaluso and Scott Kiley, individually and as temporary administrator of the estate of John R. Kiley, which was pursuant to CPLR 3211(a)(7) to dismiss the amended complaint insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.
In 1998, the plaintiff, Mary M. Lamberti, obtained a loan in the sum of $300,000 from Greenpoint Mortgage Corp. (hereinafter Greenpoint Mortgage), evidenced by a note and secured by a mortgage encumbering real property in Woodbury, New York. In 2004, an alleged default by Lamberti was settled by stipulation. However, in 2005, Greenpoint Mortgage commenced a mortgage foreclosure action alleging that Lamberti defaulted again. While the foreclosure action was pending, the note and mortgage were assigned several times, first to Copperfield Investments, LLC (hereinafter Copperfield), then to Private Capital Group, LLC (hereinafter Private Capital), subsequently to Plaza Equities, LLC (hereinafter Plaza Equities), and finally to PE-NC, LLC (hereinafter PE-NC).
On an appeal in the foreclosure action, this Court affirmed an order dated October 13, 2010, which, inter alia, denied a motion by Lamberti to dismiss the complaint insofar as asserted against her for lack of standing and granted that branch of a motion by Plaza Equities which was to be added as a party plaintiff (see Greenpoint Mtge. Corp. v Lamberti, 94 AD3d 815). On another [*2]appeal in the foreclosure action, this Court affirmed so much of an order entered March 12, 2012, as denied that branch of a motion by Lamberti which was for leave to renew a prior cross motion to dismiss the complaint (see Plaza Equities, LLC v Lamberti, 118 AD3d 687). Following the assignment of the note and mortgage to PE-NC, PE-NC moved, inter alia, for summary judgment on the complaint insofar as asserted against Lamberti. In an order entered January 9, 2013, the Supreme Court, among other things, granted that branch of PE-NC's motion which was for summary judgment, and this Court affirmed that determination (see Plaza Equities, LLC v Lamberti, 118 AD3d 688).
After PE-NC was awarded summary judgment in the foreclosure action, Lamberti commenced this action against PE-NC and the prior corporate assignees of the note and mortgage, as well as certain individuals associated with them, alleging in the amended complaint, inter alia, that the assignments of the note and mortgage were fraudulent. In December 2014, Private Capital, which was not a party to the prior foreclosure action, moved, inter alia, pursuant to CPLR 3211(a)(5) to dismiss the amended complaint insofar as asserted against it based upon collateral estoppel. Plaza Equities and PE-NC separately moved, among other things, to dismiss the amended complaint insofar as asserted against them on the same ground. Petrina (Cherardi) Macaluso and Scott Kiley, individually and as temporary administrator of the estate of John R. Kiley (hereinafter together the Kiley defendants), moved pursuant to CPLR 3211(a)(7) to dismiss the amended complaint insofar as asserted against them for failure to state a cause of action and failure to plead fraud with particularity. In an order entered March 31, 2015, the Supreme Court, inter alia, granted the defendants' motions. Lamberti appeals.
The doctrine of collateral estoppel precludes a party from relitigating in a subsequent action an issue that was raised in a prior action and decided against that party or those in privity (see Ryan v New York Tel. Co., 62 NY2d 494, 500; SSJ Dev. of Sheepshead Bay I, LLC v Amalgamated Bank, 128 AD3d 674, 676). The issue must have been material in the first action and essential to the decision entered therein (see Ryan v New York Tel. Co., 62 NY2d at 500). Collateral estoppel applies "if the issue in the second action is identical to an issue which was raised, necessarily decided and material in the first action, and the plaintiff had a full and fair opportunity to litigate the issue in the earlier action" (Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 349). The party seeking the benefit of collateral estoppel has the burden of demonstrating the identity of the issues, whereas the party attempting to defeat its application has the burden of establishing the absence of a full and fair opportunity to litigate the issue in the prior action (see id. at 349).
The original mortagee, Greenpoint Mortgage, assigned the note and mortgage to Copperfield, which assigned the note and mortgage to Private Capital, which assigned the note and mortgage to Plaza Equities, which assigned the note and mortgage to PE-NC. In connection with the prior motions and prior appeals in the mortgage foreclosure action, although Lamberti argued that the assignments were invalid and fraudulent, PE-NC was awarded summary judgment on the complaint insofar as asserted against her. Thus, Private Capital was entitled to dismissal based on collateral estoppel (see SSJ Dev. of Sheepshead Bay I, LLC v Amalgamated Bank, 128 AD3d at 676; Suffern Realty Assoc. Corp. v Garewal, 41 AD3d 581). Similarly, Lamberti's causes of action against Plaza Equities and PE-NC are barred by collateral estoppel (see Breslin Realty Dev. Corp. v Shaw, 72 AD3d 258). However, Private Equities' request in its brief for the imposition of sanctions against Lamberti for pursuing a frivolous appeal is denied (see Greystone Staffing, Inc. v Niemeyer, 106 AD3d 953).
We agree with the Supreme Court that the Kiley defendants were entitled to dismissal of the amended complaint insofar as asserted against them pursuant to CPLR 3211(a)(7) for failure to state a cause of action. The allegations of fraud against the Kiley defendants were not pleaded with particularity (see CPLR 3016[b]). With respect to the allegations of negligent misrepresentation, the elements of a cause of action sounding in negligent mispresentation are (1) a special or privity-like relationship imposing a duty on the defendant to impart correct information to the plaintiff; (2) that the information was incorrect; and (3) reasonable reliance on the information (see Simmons v Allstate Indem. Co., 112 AD3d 611). Lamberti failed to allege facts supporting a special relationship with the Kiley defendants, and she also failed to allege any incorrect information [*3]imparted to her by the Kiley defendants on which she relied. Nor did the amended complaint state a cause of action against the Kiley defendants sounding in violation of General Business Law § 349, which protects consumers from unlawful deceptive business practices. An essential element of a cause of action pursuant to General Business Law § 349 is that the challenged conduct was consumer-oriented (see JP Morgan Chase Bank, N.A. v Hall, 122 AD3d 576), which was not alleged.
Lamberti's remaining contentions are without merit.
BALKIN, J.P., LEVENTHAL, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court