Bruno v Bank of N.Y. (2019 NY Slip Op 03761)





Bruno v Bank of N.Y.


2019 NY Slip Op 03761


Decided on May 15, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2016-10813
 (Index No. 22775/12)

[*1]Maria Flore Bruno, etc., respondent, 
v
Bank of New York, appellant, et al., defendant.


Borchert & LaSpina, P.C., Whitestone, NY (Helmut Borchert and Edward A. Vincent of counsel), for appellant.



DECISION & ORDER
In an action for declaratory relief, the defendant Bank of New York appeals from an order of the Supreme Court, Queens County (Janice A. Taylor, J.), dated September 7, 2016. The order, insofar as appealed from, denied those branches of that defendant's motion which were for summary judgment dismissing the complaint insofar as asserted against it and for summary judgment on its first or second counterclaims for declaratory relief.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, those branches of the motion of the defendant Bank of New York which were for summary judgment dismissing the complaint insofar as asserted against it and for summary judgment on its first counterclaim are granted, and the matter is remitted to the Supreme Court, Queens County, for the entry of a judgment making the appropriate declaration in accordance herewith.
In 1997, the plaintiff executed a mortgage encumbering certain real property in favor of Ford Consumer Finance Company, Inc. (hereinafter Ford Finance). Thereafter, Citifinancial Mortgage Company, Inc. (hereinafter Citifinancial), the successor-in-interest to Ford Finance, commenced a foreclosure action against the plaintiff. By deed dated January 24, 2006, the plaintiff sold the subject property to Ketly Dutrevil for $350,000. On the same day, Dutrevil executed a mortgage in favor of Argent Mortgage Company, LLC (hereinafter Argent), to secure a loan, the proceeds of which were used to pay off the Citifinancial mortgage. Subsequently, Citifinancial discontinued the foreclosure action against the plaintiff.
By deed dated November 27, 2006, Dutrevil sold the subject property to Gertha Boucicault, who executed a note and mortgage in favor of America's Wholesale Lender (hereinafter AWL) encumbering the subject property. The proceeds of the AWL mortgage were used to pay off the Argent mortgage.
In February of 2008, the AWL mortgage was assigned by AWL to the defendant Bank of New York (hereinafter BNY). Thereafter, Boucicault defaulted in her mortgage payments, and BNY commenced an action to foreclose the mortgage against Boucicault and others. BNY obtained a judgment of foreclosure and sale dated August 1, 2008, and purchased the subject property at the foreclosure sale.
In 2012, the plaintiff commenced this action against BNY, among others, seeking a [*2]judgment declaring that she owned a 99% interest in the subject property and that her 99% interest was not encumbered by the mortgage that had been assigned to BNY. The plaintiff alleged that on January 24, 2006, the same date that she transferred the subject property to Dutrevil for $350,000, she had entered into an agreement with Dutrevil, pursuant to which the plaintiff had an option to repurchase a 99% interest in the property from Dutrevil, and that on January 24, 2006, she exercised that option and repurchased a 99% interest in the subject property, leaving Dutrevil with a 1% interest.
BNY moved to dismiss the complaint insofar as asserted against it based on documentary evidence and collateral estoppel. The motion was denied, and BNY thereafter filed an answer, which included counterclaims. The first counterclaim sought a judgment declaring that BNY is the proper and sole fee owner of the subject property, and the second counterclaim sought alternative declaratory relief in the event the plaintiff prevailed in the action. Thereafter, BNY moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it and for summary judgment on its first or second counterclaim. The plaintiff opposed the motion and cross-moved for summary judgment on the complaint. In the order appealed from, the Supreme Court, inter alia, denied those branches of BNY's motion which were for summary judgment dismissing the complaint insofar as asserted against it and for summary judgment on its first or second counterclaims, as well as the plaintiff's cross motion for summary judgment. BNY appeals from so much of the order as denied those branches of its motion.
We agree with BNY's contention that this action was barred by a prior determination against the plaintiff that was made during the course of BNY's foreclosure action. Contrary to the Supreme Court's determination, the doctrine of collateral estoppel applies here. "Collateral estoppel, or issue preclusion, precludes a party from relitigating in a subsequent proceeding or action an issue that was raised in a prior action or proceeding and decided against that party or those in privity" (SSJ Dev. of Sheepshead Bay I, LLC v Amalgamated Bank, 128 AD3d 674, 676; see Ryan v New York Tel. Co., 62 NY2d 494, 500; Lamberti v Plaza Equities, LLC, 161 AD3d 837, 839). "The doctrine applies if the issue in the second action is identical to an issue which was raised, necessarily decided and material in the first action, and the plaintiff had a full and fair opportunity to litigate the issue in the earlier action" (Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 349; see Ryan v New York Tel. Co., 62 NY2d at 500-501; Lamberti v Plaza Equities, LLC, 161 AD3d at 839; SSJ Dev. of Sheepshead Bay I, LLC v Amalgamated Bank, 128 AD3d at 676). "The party seeking the benefit of collateral estoppel has the burden of demonstrating the identity of the issues, whereas the party attempting to defeat its application has the burden of establishing the absence of a full and fair opportunity to litigate the issue in the prior action" (Lamberti v Plaza Equities, LLC, 161 AD3d at 839; see Parker v Blauvelt Volunteer Fire Co., 93 NY2d at 349).
During the foreclosure action commenced by BNY, in which the plaintiff was not named among the defendants, the plaintiff sought to intervene by moving to stay the action. The Supreme Court held a hearing in connection with that motion at which the plaintiff and her daughter testified. Based on that testimony, in an order dated January 16, 2009, the court concluded that the plaintiff lacked standing to contest the foreclosure and denied her motion for a permanent stay. A party lacks standing where it has no "real and substantial interest in the outcome of the proceeding" that would justify permitting it to intervene (Vantage Petroleum v Board of Assessment Review, 91 AD2d 1037, 1037, affd 61 NY2d 695; see Plantech Housing v Conlan, 74 AD2d 920). BNY established that the plaintiff's claims in this action, i.e., that she still has an interest in the property, and that her interest was not mortgaged to BNY, are identical to the claims she made when she moved to stay the prior foreclosure action. Thus, BNY met its prima facie burden of "demonstrating the identity of the issues" (Lamberti v Plaza Equities, LLC, 161 AD3d at 839). In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff presented no evidence that she did not have "a full and fair opportunity" to present her position at the hearing (see Parker v Blauvelt Volunteer Fire Co., 93 NY2d at 349; Lamberti v Plaza Equities, LLC, 161 AD3d at 839). Accordingly, the court should have granted that branch of BNY's motion which was for summary judgment dismissing the complaint insofar as asserted against it based on the doctrine of collateral estoppel (see Zuckerman v New York, 49 NY2d 557, 562).
For the same reasons, the Supreme Court should have granted that branch of BNY's motion which was for summary judgment on its first counterclaim for a judgment declaring that BNY is the proper and sole fee owner of the subject property. Since this is a declaratory judgment action, the matter must be remitted to the Supreme Court, Queens County, for the entry of a judgment declaring that BNY is the proper and sole fee owner of the subject property (see Lanza v Wagner, 11 NY2d 317, 334).
In light of our determination, we need not reach BNY's remaining contention.
CHAMBERS, J.P., ROMAN, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court