Pusey v Morales (2020 NY Slip Op 01519)





Pusey v Morales


2020 NY Slip Op 01519


Decided on March 4, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 4, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2017-05990
 (Index No. 7823/15)

[*1]Angella J. Pusey, appellant, 
v
Noemi Morales, et al., defendants; Elizon Master Participation Trust I, U.S. Bank Trust National Association, nonparty- respondent.


Angella Pusey, suing herein as Angella J. Pusey, Saint Albans, NY, appellant pro se.
Knuckles, Komosinski & Manfro, LLP, Elmsford, NY (Loretta Carty of counsel), for nonparty-respondent.



DECISION & ORDER
In an action, inter alia, for a judgment declaring an assignment of a mortgage to be null and void, and to remove a cloud on title to real property, the plaintiff appeals from an order of the Supreme Court, Queens County (Frederick D.R. Sampson, J.), entered January 24, 2017. The order granted those branches of the motion of nonparty Elizon Master Participation Trust 1, U.S. Bank Trust National Association, as successor in interest to the defendant HSBC Bank USA, N.A., which were pursuant to CPLR 5015(a)(1) to vacate the default of the defendant HSBC Bank USA, N.A., in failing to appear or answer the complaint and pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against the defendant HSBC Bank USA, N.A., as barred by the doctrine of res judicata.
ORDERED that the order is affirmed, with costs.
In 2006, the plaintiff and a nonparty executed a note in favor of Resmae Mortgage Corporation (hereinafter Resmae). The note was secured by a mortgage encumbering certain real property located in Saint Albans (hereinafter the premises). In December 2011, Mortgage Electronic Registration Systems, Inc. (hereinafter MERS), as nominee for Resmae, assigned the mortgage to the defendant HSBC Bank USA, N.A. (hereinafter HSBC). In July 2014, HSBC assigned the mortgage to DB Structured Products, Inc. In September 2015, DB Structured Products, Inc., assigned the mortgage to Elizon Master Participation Trust 1, U.S. Bank Trust National Association (hereinafter Elizon).
In February 2012, HSBC commenced an action to foreclose the mortgage. The plaintiff failed to answer the complaint in that action, and the Supreme Court issued an order of reference upon her default. In an order dated July 25, 2016, the court granted HSBC's motion, inter alia, for a judgment of foreclosure and sale.
In June 2015, the plaintiff commenced this action against HSBC and another defendant, seeking, inter alia, a judgment declaring that the December 2011 assignment of mortgage from MERS to HSBC was null and void and to remove the cloud on title to the premises. HSBC [*2]did not appear or answer the complaint.
In September 2016, Elizon, as successor in interest to HSBC, moved, inter alia, pursuant to CPLR 5015(a)(1) to vacate HSBC's default in failing to appear or answer the complaint and pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against HSBC as barred by the doctrine of res judicata. In an order entered January 24, 2017, the Supreme Court granted those branches of Elizon's motion which were pursuant to CPLR 5015(a)(1) to vacate HSBC's default and pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against HSBC as barred by the doctrine of res judicata. The plaintiff appeals.
"A defendant seeking to vacate a default in answering or appearing pursuant to CPLR 5015(a)(1) must demonstrate a reasonable excuse for the default and a potentially meritorious defense to the action" (Deutsche Bank Natl. Trust Co. v Luden, 91 AD3d 701, 701; see CPLR 5015[a][1]; Nationstar Mtge., LLC v Rodriguez, 166 AD3d 990, 991; Santos v Penske Truck Leasing Co., 105 AD3d 1029, 1029). "A motion to vacate a default is addressed to the sound discretion of the court" (Vujanic v Petrovic, 103 AD3d 791, 792). Here, Elizon demonstrated a reasonable excuse for the failure to appear or answer (see Global Liberty Ins. Co. v Shahid Mian, M.D., P.C., 172 AD3d 1332, 1332; Gargano v Morey, 165 AD3d 892, 892). Elizon also established the existence of a meritorious defense based on the doctrine of res judicata (see SSJ Dev. of Sheepshead Bay I, LLC v Amalgamated Bank, 128 AD3d 674, 675; Bayer v City of New York, 115 AD3d 897, 898; Luscher v Arrua, 21 AD3d 1005, 1006-1007). Accordingly, the Supreme Court providently exercised its discretion in granting that branch of Elizon's motion which was pursuant to CPLR 5015(a)(1) to vacate HSBC's default.
We agree with the Supreme Court's determination to grant that branch of Elizon's motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against HSBC as barred by the doctrine of res judicata. "[A] judgment of foreclosure and sale entered against a defendant is final as to all questions at issue between the parties, and concludes all matters of defense which were or might have been litigated in the foreclosure action" (SSJ Dev. of Sheepshead Bay I, LLC v Amalgamated Bank, 128 AD3d at 675 [internal quotation marks omitted]). Thus, subsequent claims are barred by the doctrine of res judicata where, as here, the granting of the requested relief "in the present action would destroy or impair the rights established by the judgment of foreclosure in the prior action" (id. at 675-676; see Chapman Steamer Collective, LLC v KeyBank N.A., 163 AD3d 760, 761-762).
The plaintiff's remaining contentions are without merit.
MASTRO, J.P., CHAMBERS, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court