Piscionere v Gori (2025 NY Slip Op 05710)

Piscionere v Gori

2025 NY Slip Op 05710

Decided on October 15, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 15, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
LINDA CHRISTOPHER
CARL J. LANDICINO, JJ.

2023-12546
 (Index No. 50750/21)

[*1]Anthony G. Piscionere, et al., respondents,
v
Kenneth Gori, etc., et al., appellants, et al., defendants.

Lehrman, Lehrman & Guterman, White Plains, NY (Mark A. Guterman of counsel), for appellants.
Piscionere & Nemarow, P.C., Rye Brook, NY (Anthony G. Piscionere pro se and Michael Konicoff of counsel), for respondents.

DECISION & ORDER
In an action pursuant to CPLR article 52 to enforce a judgment, the defendants Kenneth Gori and Mildred Gori appeal from an order of the Supreme Court, Westchester County (Thomas Quiñones, J.), dated December 5, 2023. The order, insofar as appealed from, denied those branches of those defendants' motion which were for summary judgment on their counterclaim to recover compensatory and punitive damages for conversion and pursuant to 22 NYCRR 130-1.1 to impose sanctions upon the plaintiffs.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiffs leased certain residential property located in the City of Rye to the defendants Kenneth Gori and Mildred Gori (hereinafter together the Goris). The plaintiffs commenced a proceeding in the Rye City Court to recover possession of the property and unpaid rent. On December 21, 2020, the Rye City Court entered a judgment in favor of the plaintiffs and against the Goris in the sum of $51,250. The Goris unsuccessfully sought to resettle the judgment.
Meanwhile, the plaintiffs commenced this action pursuant to CPLR article 52 to enforce the judgment. The Goris interposed an answer asserting, among other things, a counterclaim to recover compensatory and punitive damages for conversion. The counterclaim alleged that the Rye City Court judgment was erroneous because it failed to account for $10,250 that the Goris had paid to the plaintiffs in August 2020. The Goris moved, inter alia, for summary judgment on that counterclaim and pursuant to 22 NYCRR 130-1.1 to impose sanctions upon the plaintiffs. In an order dated December 5, 2023, the Supreme Court, among other things, denied those branches of the motion. The Goris appeal.
The Supreme Court properly denied that branch of the Goris' motion which was for summary judgment on the counterclaim to recover compensatory and punitive damages for conversion. "'Under res judicata, or claim preclusion, a valid final judgment bars future actions between the same parties on the same cause of action'" (Simmons v Trans Express Inc., 37 NY3d 107, 111, quoting Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 347). A final judgment is [*2]"'a final judicial determination which necessarily decided the very cause of action or issue that party now seeks to litigate in a subsequent action or proceeding'" (Siddiqui v Smith, 207 AD3d 681, 683, quoting Ott v Barash, 109 AD2d 254, 262). Here, the court properly determined that the counterclaim to recover compensatory and punitive damages for conversion was barred by the doctrine of res judicata, as granting the Goris the relief requested in that counterclaim would destroy or impair the rights established by the judgment in the Rye City Court proceeding (see Pusey v Morales, 181 AD3d 621, 623; SSJ Dev. of Sheepshead Bay I, LLC v Amalgamated Bank, 128 AD3d 674, 675-676).
The Supreme Court also properly denied that branch of the Goris' motion which was pursuant to 22 NYCRR 130-1.1 to impose sanctions upon the plaintiffs. Contrary to the Goris' contention, the plaintiffs' conduct in this action was not frivolous (see id. § 130-1.1[c]).
LASALLE, P.J., DILLON, CHRISTOPHER and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court