Matter of New York State Unified Ct. Sys. v New York State Pub. Empl. Relations Bd. (2026 NY Slip Op 00621)

Matter of New York State Unified Ct. Sys. v New York State Pub. Empl. Relations Bd.

2026 NY Slip Op 00621

Decided on February 10, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 10, 2026

Before: Kennedy, J.P., Scarpulla, Gesmer, Mendez, Hagler, JJ. 

Index No. 161972/23|Appeal No. 5789|Case No. 2024-04036|

[*1]In the Matter of New York State Unified Court System, Petitioner-Appellant,
vNew York State Public Employment Relations Board et al., Respondents-Respondents.

Paul, Weiss, Rifkind, Wharton & Garrison LLP, New York (Gregory F. Laufer of counsel), for appellant.
NYS Public Employment Relations Board, Albany (Laura H. Delaney of counsel), for Public Employment Relations Board, respondent.
Law Offices of Greenberg Burzichelli Greenberg P.C., Lake Success (Seth Greenberg of counsel), for Ninth Judicial District Court Employees Associations & Court Attorney Association of the City of New York, respondent.
Pitta LLP, New York (Joseph M. Bonomo of counsel), for New York State Clerks Association, respondent.

Order and judgment (one paper), Supreme Court, New York County (Arlene P. Bluth, J.), entered June 5, 2024, which denied the petition of the New York State Unified Court System (UCS) seeking to annul the November 8, 2023 determination of respondent State Public Employment Relations Board (PE-RB) finding, after a hearing, that UCS failed to engage in collective bargaining negotiations over its COVID-19 testing and vaccine policies in violation of the Public Employees' Fair Employment Act (Taylor Law), granted the motions to dismiss the petition, and dismissed the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
This proceeding arises from respondents' filing of improper practice charges before PERB under the Taylor Law, alleging that UCS failed to negotiate the formulation and implementation of its COVID-era testing and vaccination policies in 2021. Under those policies, UCS initially required employees to be tested weekly for COVID-19 and later required them to be vaccinated. Under the testing policy, which exempted nonjudicial personnel who provided proof of vaccination, employees were required to submit proof each week that they had received a COVID-19 test and coordinate with their supervisors to take a one-hour excused leave to be tested or be tested outside of work hours with no grant of leave or compensatory time. Any employee failing to upload proof of testing or arrange an alternate testing date and time was to be designated as unfit for service and would not be allowed to report to work and would be allowed to charge annual or compensatory leave accruals or have pay docked if they had no accruals.
As a threshold matter, Supreme Court appropriately applied the arbitrary and capricious standard, as UCS challenges only PERB's "'interpretation or application of a statute or regulation'" (Matter of Union of Auto. Technicians, AFL-CIO Local 563 v Port Auth. Empl. Relations Panel, 192 AD3d 445, 446 [1st Dept 2021], quoting Matter of Jennings v New York State Off. of Mental Health, 90 NY2d 227, 239 [1997]; see also Matter of County of Nassau [Nassau Community Coll.] v New York State Pub. Empl. Relations Bd., 76 NY2d 579, 582, 585-586 [1990]).
In any event, under either the arbitrary and capricious or substantial evidence standard (CPLR 7803[3], [4]), PERB rationally found, based on the record before it, that UCS's procedure implementing its decision to require employees to be tested weekly for COVID-19 and, later, to be vaccinated, was not excluded from mandatory bargaining with respondent unions. Even if an employer has the undisputed right to make a particular decision that is "not a subject of mandatory negotiation, the [employer] must negotiate the procedures necessary to effectuate that right" (Matter of City of Long Beach v New York State Pub. Empl. Relations Bd., 39 NY3d 17, 26 [2022]; Matter of City of Watertown v State of N.Y. Pub. Empl. Relations Bd, 95 NY2d 73 [2000]). Here, UCS's undisputed right to require testing and vaccinations was not so "inextricably intertwined" with the procedures that UCS implemented for such testing and vaccination as to make bargaining over the procedures impracticable (see Matter of Nassau County Police Benevolent Assn. v County of Nassau [Nassau County Police Dept.], 27 PERB ¶ 3054 [1994]).
"As the agency charged with implementing the fundamental policies of the Taylor Law, PERB is presumed to have developed an expertise and judgment that requires courts to accept its decisions with respect to matters within its competence" (Matter of Chenango Forks Cent. Sch. Dist. v New York State Pub. Empl. Relations Bd., 21 NY3d 255, 265 [2013] [internal quotation marks and brackets omitted]). Moreover, the challenged remedy directing the UCS to make bargaining unit members whole for any "loss of pay and/or benefits" suffered was authorized by statute (Civil Service Law § 205[5][d]) and applied reasonably under the circumstances (see Matter of Town of Islip v New York State Pub. Empl. Relations Bd., 23 NY3d 482, 494 [2014]).
We have considered UCS's remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 10, 2026